[Cite as *In re D.P.*, 2014-Ohio-3324.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100597**

# IN RE: D.P.
# A Minor Child

## JUDGMENT:
AFFIRMED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 11116909

**BEFORE:** E.A. Gallagher, J., S. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 31, 2014

**ATTORNEY FOR APPELLANT**

Brooke M. Burns
Office of the Ohio Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   James M. Price
Assistant Prosecuting Attorney
1200 Ontario Street, 9th Floor
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant, D.P., appeals from the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, revoking his parole. This court affirms the judgment and remands for correction of an error in the journal entry.

{¶2} D.P. was found guilty of aggravated robbery in the juvenile court on March 8, 2012, and committed to the Ohio Department of Youth Services ("ODYS") for a minimum term of commitment after which ODYS placed D.P. on parole.

{¶3} On September 17, 2013, the state filed a motion in the juvenile court alleging that D.P. violated the conditions of his parole. On September 25, 2013, at a revocation hearing, D.P. admitted to having violated his parole.

{¶4} At disposition, the trial judge initially stated that D.P. would be committed to ODYS for a period of 90 days, but then revised the commitment to a minimum of 30 days pursuant to R.C. 5139.52(F).

{¶5} On September 27, 2013, the trial court issued a journal entry reflecting its disposition wherein it incongruously stated that "[t]he child is committed to the Department of Youth Services for a period of ninety (90) days" and "the child is returned to the legal care and custody of the Department of Youth Services * * * for a period of not less than (30) days." D.P. appeals, asserting the following two assignments of error:

I.    The Cuyahoga County Juvenile Court committed plain error when it ordered D.P. to serve a 90-day minimum ODYS commitment for a parole violation, in violation of R.C. 5139.52(F); Fifth and Fourteenth Amendments to the U.S. Constitution; and, Article I, Section 16, Ohio Constitution.

II. Trial counsel rendered ineffective assistance by falling [sic] to object to D.P.'s illegal commitment for a parole revocation, in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution; and, Article I, Sections 10 and 16, Ohio Constitution.

{¶6} A juvenile court's disposition order will be upheld unless the court abused its discretion. *In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921, ¶ 6. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary or unconscionable, not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶7} Initially, we note that despite the conflict in the dispositional journal entry, even if the trial court had imposed a commitment greater than 30 days, its order would not have violated R.C. 5139.52(F). The Ohio Supreme Court recently addressed whether or not R.C. 5139.52(F) allows a court to commit a juvenile delinquent to ODYS for a minimum period of longer than 30 days. *In re H.V.*, 138 Ohio St.3d 408, 2014-Ohio-812, 7 N.E.3d 1173. The court held that R.C. 5139.52(F) does allow a court to commit a juvenile delinquent to ODYS for a period of longer than 30 days. *In re H.V.* at ¶ 10, 16. D.P.'s first assignment of error is without merit in light of the fact that the sanction imposed was consistent with the law.

{¶8} D.P.'s ineffective assistance of counsel argument fails for the same reasons. D.P. argues that his trial counsel was ineffective for failing to object to the imposition of a minimum commitment of longer than 30 days. As noted, such a commitment was not imposed but, had it been, it would not have been in violation of law pursuant to *In re H.V.*

{¶9} D.P.'s second assignment of error is without merit.

{¶10} Sua sponte, we take notice of the aforementioned clerical error in D.P.'s dispositional journal entry. "Although trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, they retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided." *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19; Crim.R. 36.

{¶11} We remand for redaction of the entry referencing a 90-day commitment.

{¶12} The judgment of the trial court is affirmed; the case is remanded for further proceedings consistent with this opinion.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The finding of delinquency having been affirmed, any bail or stay of execution pending appeal is terminated. Case remanded to the trial court for execution of commitment.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR