[Cite as *State v. Francys*, 2014-Ohio-3597.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 101069, 101070, 101071**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERTO FRANCYS

DEFENDANT-APPELLANT

### JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-576036-A, CR-13-576114-A, CR-12-567867-A

**BEFORE:**    McCormack, J., S. Gallagher, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   August 21, 2014

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Erica Barnhill
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** Defendant-appellant, Roberto Francys, pleaded guilty to numerous counts of drug trafficking, drug possession, and possession of criminal tools and was sentenced accordingly. In an issue that is dispositive of this consolidated appeal, Francys argues that the trial court imposed a sentence in its journal entry that did not comport with the sentence imposed at sentencing. We agree.

**{¶2}** The state concedes the error in the journal entry, and our review of the record substantiates the error. It appears that what was indicated in open court at the sentencing hearing is not accurately reflected in the trial court's journal entry. The transcript of the sentencing hearing demonstrates that Francys was sentenced to "*one year each on Counts 5, 8, and 11, all trafficking offenses, all felonies of the fourth degree*" to be served concurrently. The sentencing entry, however, stated "*12 years on Counts 5, 8, and 11, each count concurrent to each other * * *.*" It is clear from the record that the trial court intended to impose a twelve-*month* sentence on Counts 5, 8, and 11, and the statement in the journal entry indicating "twelve *years*" was a clerical error, especially given the fact that the proper range of sentencing for a fourth-degree felony is 6 to 18 months. *See* R.C. 2929.14(A)(4).

**{¶3}** Because our conclusion that the journal entry contained a clerical error with respect to the actual sentence imposed, Francys's second assignment of error alleging that the trial court's sentence was contrary to law is moot.

**{¶4}** We also note, however, that the journal entry fails to explicitly reference the count to which the statement at the beginning of the sentencing portion of the entry "3 years in prison (mandatory time), $7,500 mandatory fine" applies. We can discern from the transcript of proceedings and the remaining language of the journal entry that the trial court intended this statement to refer to Count 2. It appears that the reference to this count was inadvertently omitted, and we conclude that this omission was merely a clerical error that requires clarification.

**{¶5}** While a court speaks through its journal entries, clerical errors may be corrected at any time in order to conform to the transcript of the sentencing hearing. *State v. Steinke*, 8th Dist. Cuyahoga No. 81785, 2003-Ohio-3527, ¶ 47; Crim.R. 36. Trial courts retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided. *In re D.P.*, 8th Dist. Cuyahoga No. 100597, 2014-Ohio-3324, ¶ 10, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19.

**{¶6}** Accordingly, in light of the above, the judgment of the trial court is affirmed and we remand the case for the trial court to correct its journal entry of January 31, 2014, nunc pro tunc, to (1) accurately reflect what the court actually decided — that Francys's sentence on Counts 5, 8, and 11 is one year each (or 12 months); and (2) clarify that the statement in its journal entry providing "3 years in prison (mandatory time), $7,500 mandatory fine" applies to Count 2.

**{¶7}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

SEAN C. GALLAGHER, P.J., and
KENNETH A. ROCCO, J., CONCUR