[Cite as *State v. Hodges*, 2014-Ohio-4690.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101145**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JAVONTE HODGES

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-562692-C

**BEFORE:** E.A. Gallagher, P.J., Blackmon, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 23, 2014

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road, Suite 613
Cleveland, Ohio 44118

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Anthony Thomas Miranda
        Brian M. McDonough
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant Javonte Hodges appeals his resentencing in the Cuyahoga County Court of Common Pleas following a remand on the issue of consecutive sentences. Hodges argues that the trial court failed to make the necessary findings pursuant to R.C. 2929.14(C) prior to imposing consecutive sentences and that the trial court improperly relied upon his silence in support of consecutive sentences. For the following reasons, we affirm in part and remand.

{¶2} Hodges plead guilty to murder with a three-year firearm specification, aggravated robbery with a three-year firearm specification, improperly handling firearms in a motor vehicle and having weapons while under disability. For purposes of sentencing, the murder, aggravated robbery and improperly handling firearms in a motor vehicle were merged as allied offenses. The state elected to proceed to sentencing on the murder conviction. The trial court sentenced Hodges to three years on the firearm specification attendant to the murder count, to be served prior to and consecutive with 15 years to life on the underlying charge and 24 months on the having weapons while under disability conviction, to be served consecutive to the murder sentence.

{¶3} In *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025 ("*Hodges I*"), this court described the facts of the case as follows:

> In March 2012, Hodges, along with codefendants John Johnson and Deante Kidd, shot and killed the victim, Christopher Johnson, because of a drug deal gone bad. Hodges was the shooter; he shot Johnson in the back of the head from close range in the vehicle where the drug transaction occurred. After being shot, the victim, who had been driving the vehicle, crashed into

a home. Hodges fled the scene and thereafter fled to Florida, where he was eventually apprehended. According to law enforcement officials who apprehended him Hodges initially denied being the shooter.

*Id*. at ¶ 5.

{¶4} This court reversed Hodges' consecutive sentences in *Hodges I* due to the failure of the trial court to make the necessary findings pursuant to R.C. 2929.14(C)(4) and remanded for resentencing on that issue. At resentencing on February 19, 2014, the trial court again imposed consecutive sentences. Hodges appeals and his sole assignment of error states:

The trial court erred by sentencing Javontae [sic] Hodges to consecutive time.

{¶5} In appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court to review the record, including the findings underlying the sentence and to modify or vacate the sentence if it clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28. "The record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences." *Id*. R.C. 2929.14(C)(4) authorizes the court to require an offender to serve multiple prison terms consecutively for convictions on multiple offenses. Consecutive sentences can be imposed if the court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of

the offender's conduct and to the danger the offender poses to the public. In addition to these two factors, the court must find any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

**{¶6}** "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing." *Bonnell at* ¶ 29. "However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

**{¶7}** In this instance, it is clear that the trial court made the required findings pursuant to R.C. 2929.14(C)(4) in a manner that satisfies the standard of *Bonnell*. The trial court found that consecutive sentences were necessary to protect the public from future crime as well as to punish Hodges. The court found that consecutive sentences were not disproportionate to the seriousness of Hodges' conduct and to the danger he

poses to the public.

{¶8} The trial court further made findings pursuant to both R.C. 2929.14(C)(4)(b) and (c). The court found that at least two of the multiple offenses that were committed by Hodges were part of one or more courses of conduct and that the harm caused by the two or more multiple offenses was so great or unusual that no single prison term for any of the offenses committed would adequately reflect the seriousness of the offender's conduct. The trial court also noted Hodges' extensive criminal history, which was documented in the presentence investigation report, and found that "the offender's history of criminal conduct demonstrates the need for consecutive sentences."

{¶9} The facts of this case as stated above and the record, particularly the presentence investigation report, support the trial court's findings. Hodges' criminal record includes convictions for disorderly conduct, criminal trespass, riot, attempted assault, attempted receiving stolen property, drug trafficking and carrying concealed weapons. Although the trial court did not recite word for word the statutory language of R.C. 2929.14(C)(4)(c) in regard to Hodges' history of criminal conduct, demonstrating that consecutive sentences were necessary to protect the public from future crime by the offender, the trial court's findings were sufficiently articulate under the standard set forth in *Bonnell*. *See Bonnell* at ¶ 32-33. We conclude that the trial court made the required findings pursuant to R.C. 2929.14(C)(4) prior to imposing consecutive sentences.

{¶10} Finally, Hodges argues that the trial court erred in finding that his silence at resentencing constituted a lack of remorse and relied on this fact as a reason to impose

consecutive sentences. A sentencing court cannot use a defendant's silence at sentencing against him as the right against self-incrimination follows the defendant to sentencing. *Mitchell v. U.S.*, 526 U.S. 314, 321, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999). However, in *Mitchell* the United States Supreme Court held that it was inappropriate to infer *facts of the crime* from a defendant's silence at sentencing. The court noted that "[w]hether silence bears upon the determination of a lack of remorse, or upon acceptance of responsibility [for sentencing purposes] is a separate question. It is not before us, and we express no view on it." Indeed, the Supreme Court recently noted that this remains an open question that the court has not directly addressed to date. *See White v. Woodall*, 134 S.Ct. 1697, 1703, 188 L.Ed.2d 698 (2014) (discussing *Mitchell* and concluding case law "leaves open the possibility that some inferences might permissibly be drawn from a defendant's penalty-phase silence.")

{¶11} In any event, Ohio courts, including this court, have consistently held that a defendant's silence at sentencing may not be used against him in fashioning a sentence. *State v. Betts*, 8th Dist. Cuyahoga No. 88607, 2007-Ohio-5533, ¶ 29. However, lack of remorse is a sentencing factor under R.C. 2929.12(D)(5). Thus, even where a defendant does not speak at sentencing, the court's statement that the defendant demonstrated a lack of remorse and an unwillingness to take responsibility, does not demonstrate that a court's sentencing decision is based upon the silence but shows only that the court was considering the statutory sentencing factors. *State v. Clunen*, 7th Dist. Columbiana No. 12 CO 30, 2013-Ohio-5525, ¶ 21; *State v. Moore*, 11th Dist. Geauga No. 2011-G-3027,

2012-Ohio-3885, ¶ 47.

{¶12} In this instance, although Hodges declined to speak at his resentencing on the issue of consecutive sentences, he *did* speak at his initial sentencing hearing. "At sentencing, Hodges maintained that the shooting accidently occurred when he was taking his money out of his sleeve, where he also had the gun, and the gun jammed; he denied ever pulling the trigger." *Hodges I*, at ¶ 10. After hearing from Hodges, the trial court stated, "that story makes me say that you are not remorseful for your actions and that you are really not even taking responsibility for your actions despite the guilty plea because you still want us all to believe it was an accident." *Id*. at ¶ 12. The trial court concluded that Hodges' "lack of remorse is palpable." *Id*. at ¶ 23.

{¶13} At resentencing the trial court noted that it incorporated by reference the points it had made at Hodges' initial sentencing. Although the court could not hold Hodges' silence at resentencing against him, it was not required to pretend that Hodges had not previously spoken on the matter. Hodges was under no obligation to speak and was well within his rights to remain silent. However, by doing so the trial court was free to conclude, based on his prior statements, that he lacked remorse.

{¶14} Sua sponte, we note that a trial court must incorporate its consecutive sentence findings into its sentencing entry. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

> A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to

reflect what actually occurred in open court. *Id.* at ¶ 30.

{**¶15**} Hodges' sole assignment of error is overruled.

{**¶16**} The judgment of the trial court is affirmed in part, and remanded for the trial court to issue a nunc pro tunc entry to bring the sentencing entry into compliance with the requirements of *Bonnell*.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

PATRICIA    A. BLACKMON, J., and
EILEEN T. GALLAGHER, J., CONCUR