[Cite as *State v. Halsey*, 2016-Ohio-7990.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                               :

      Plaintiff-Appellant,              :

- vs -                                       :

WILLIAM D. HALSEY,                           :

      Defendant-Appellee.              :

CASE NO.   CA2016-01-001

O P I N I O N
12/5/2016


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2009-03-0526


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellant

Repper, Pagan, Cook Ltd., Christopher Pagan, 1501 First Avenue, Middletown, Ohio 45044, for defendant-appellee


     **M. POWELL, P.J.**

     **{¶ 1}** Plaintiff-appellant, the state of Ohio, appeals a decision of the Butler County Court of Common Pleas denying its motion to issue a nunc pro tunc sentencing entry reflecting that defendant-appellee, William D. Halsey, is a Tier III sex offender.

     **{¶ 2}** Halsey was initially indicted for rape. He subsequently entered a guilty plea to a reduced charge of sexual battery. During the sentencing hearing, Halsey was properly

advised by the trial judge, pursuant to R.C. 2950.03(A)(2), that he would be classified as a Tier III sex offender and would be required to register every 90 days for the rest of his life. Halsey signed an Explanation of Duties to Register as a Sex Offender or Child Victim Offender and was provided a copy as required by R.C. 2950.03(B)(1)(a), (3)(a). The trial court ordered that Halsey be subject to Tier III sex offender supervision, one year of intensive probation supervision, and two additional years of basic supervision. However, the sentencing entry that was subsequently journalized made no mention of Halsey's Tier III sex offender classification. The Explanation of Duties to Register as a Sex Offender or Child Victim Offender signed by Halsey was neither filed with the clerk of courts nor included in the case file.

{¶ 3} Halsey successfully completed the terms of his probation and his case was terminated in 2012. However, Halsey continued to register with the Butler County Sheriff's Office as a Tier III sex offender as ordered by the trial court at the sentencing hearing.

{¶ 4} In 2014, Halsey moved the trial court to vacate the sex offender classification portion of his sentence, arguing that the absence of a sex offender classification in the sentencing entry rendered the classification void. Halsey further argued that the termination of his case divested the trial court of jurisdiction to impose any further sanction upon him. The state opposed Halsey's motion. After a hearing, the trial court denied Halsey's motion without explanation.

{¶ 5} Halsey appealed to this court. We upheld the trial court's denial of Halsey's motion, reasoning that

> the October 29, 2009 sentencing entry makes no mention of [Halsey's] Tier III sex offender classification. As a result, the trial court did not err in denying [Halsey's] motion to vacate his Tier III sex offender classification as there was nothing for the trial court to vacate.

*State v. Halsey*, 12th Dist. Butler No. CA2014-10-211, 2015-Ohio-3405, ¶ 14 (*Halsey I*).

{¶ 6} Evidently, at some point, the state discovered the Explanation of Duties to Register as a Sex Offender or Child Victim Offender form that had been signed by Halsey at his original sentencing hearing but that had not been journalized. The record shows that prior to filing its brief, the state filed a motion with this court to supplement the record with the form. We granted the state's motion to supplement the record.

{¶ 7} Following this court's opinion in *Halsey I*, the state moved the trial court to issue a nunc pro tunc sentencing entry to include Halsey's classification as a Tier III sex offender. Halsey opposed the motion. On December 3, 2015, the trial court denied the state's motion on the grounds that the original sentencing entry was silent with regard to Halsey's sex offender classification, as opposed to being merely incorrect, and that Halsey's community control sanction had been successfully terminated.

{¶ 8} The state appeals, raising one assignment of error:

{¶ 9} THE TRIAL COURT ERRED IN DENYING THE STATE'S MOTION TO ISSUE A NUNC PRO TUNC JUDGMENT OF CONVICTION ENTRY.

{¶ 10} This appeal raises the question of whether the omission of a Tier III sex offender classification from a sentencing entry may be corrected by a nunc pro tunc entry after the offender has completed the journalized sentence. The state argues that because Halsey was properly advised by the trial court of his Tier III sex offender classification at the sentencing hearing, the failure of the original sentencing entry to include the classification was a clerical error which may be corrected by a nunc pro tunc entry pursuant to Crim. R. 36.

{¶ 11} Typically, clerical mistakes in judgment entries may be corrected by a nunc pro tunc entry at any time. In this regard Crim.R. 36 provides, "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." We have observed that "the purpose of a nunc pro tunc entry is to have the judgment of the court reflect its true action." *State v.*

- 3 -

*Barnes*, 12th Dist. Warren No. CA2014-03-049, 2015-Ohio-651, ¶ 32.

{¶ 12} Pursuant to R.C. 2929.19(B)(3)(a)(ii), classification of a criminal defendant as a Tier III sex offender must be included in the sentencing entry:

> *The court shall include in the offender's sentence a statement that the offender is a tier III sex offender*/child-victim offender, and the court shall comply with the requirements of section 2950.03 of the Revised Code if * * * [t]he offender is being sentenced for a sexually oriented offense that the offender committed on or after January 1, 1997, and the offender is a tier III sex offender/child-victim offender relative to that offense.

(Emphasis added.)

{¶ 13} Several Ohio appellate districts have held that R.C. 2929.19(B)(3) requires inclusion of a Tier III sex offender classification in a sentencing entry and that its omission renders the sentence deficient. *See, e.g., State v. Dalton*, 8th Dist. Cuyahoga No. 99661, 2013-Ohio-5127, ¶ 11 ("R.C. 2929.19[B][3][a] requires a trial court to include in an offender's sentence a statement that the offender is a Tier III sex offender"); and *State v. Morgan*, 7th Dist. Mahoning No. 13 MA 126, 2014-Ohio-2625, ¶ 20 ("[T]the language of R.C. 2929.19[B][3] requires the tier classification to be contained in the sentencing judgment entry"). Additionally, a sentencing court's oral advisement of a Tier III sex offender classification at the sentencing hearing does not satisfy R.C. 2929.19(B)(3). *See Morgan* at ¶ 20; *State v. Kase*, 187 Ohio App.3d 590, 2010-Ohio-2688, ¶ 2 (7th Dist.); and *State v. Straley*, 4th Dist. Highland No. 12CA3, 2013-Ohio-3334, ¶ 17.[1]

{¶ 14} These cases make clear that the failure to include a Tier III sex offender classification in the sentencing entry renders the entry deficient, notwithstanding an oral advisement of the classification at the sentencing hearing.

---

1. We note that earlier decisions, such as *Kase*, refer to R.C. 2929.19(B)(4), and not R.C. 2929.19(B)(3). R.C. 2929.19(B)(4)(a) is the prior version of the statute and R.C. 2929.19(B)(3)(a) is the current version of the statute. The language is identical in both versions.

{¶ 15} Relying on Crim.R. 36 and *Morgan* and *Dalton*, the state argues that a trial court has jurisdiction to issue a nunc pro tunc entry to correct omission of a Tier III sex offender classification. The state also cites *State v. Francys*, 8th Dist. Cuyahoga Nos. 101069 thru 101071, 2014-Ohio-3597, and *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, for the general proposition that a trial court retains jurisdiction under Crim.R. 36 to correct clerical errors in judgment entries "at any time." While *Francys* and *Raber* support the proposition advanced by the state, they must be read in conjunction with other decisions of the Ohio Supreme Court, discussed below, addressing whether that jurisdiction extends beyond the completion of the journalized sentence.

{¶ 16} In both *Dalton* and *Morgan*, the appellate court remanded the case for the trial court to issue a nunc pro tunc entry to correct the omission of the Tier III sex offender classification in the sentencing entry. In both cases, the offender had been advised of his classification during the sentencing hearing. However, the state's argument is an extension of *Dalton* and *Morgan*, as neither case addressed whether a trial court's jurisdiction to correct clerical errors in judgment entries extends beyond the completion of the journalized sentence. *Dalton* and *Morgan* both involved defendants who were sentenced to years-long prison terms and where the issue of the omission of the Tier III sex offender classification was raised on direct appeal of the conviction. Presumably, both defendants were in prison serving their sentences at the time the appellate court remanded the matter to include the Tier III sex offender classification in a nunc pro tunc sentencing entry. Neither case specifically holds that the jurisdiction to correct clerical errors pursuant to Crim.R. 36 is unlimited or extends beyond completion of the journalized sentence.

{¶ 17} The Ohio Supreme Court has detailed the various circumstances under which a trial court may review the sentence of a criminal defendant:

> First, when a sentence is subject to direct review, it may be

modified; second, when the prison-sanction portion of a sentence that also includes a void sanction has not been completely served, the void sanction may be modified; and third, when the entirety of a prison sanction has been served, the defendant's expectation in finality in his sentence becomes paramount, and his sentence for that crime may no longer be modified.

*State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 18.

{¶ 18} Clearly, a Tier III sex offender classification pursuant to the Adam Walsh Act ("AWA") amendments is punitive and therefore part of the "sentence" referred to in *Holdcroft.* *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, ¶ 16 ("Following the enactment of S.B. 10, all doubt has been removed: R.C. Chapter 2950 is punitive").

{¶ 19} The state cites *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, and *State v. Hodges*, 8th Dist. Cuyahoga No. 101145, 2014-Ohio-4690, asserting that the punitive nature of an AWA sex offender classification does not restrict the jurisdiction of a trial court to correct an omission in the sentencing entry. *Bonnell* and *Hodges* both involved a failure of the trial court to make the R.C. 2929.14(C) consecutive sentence findings. The state argues that like an AWA sex offender classification, consecutive sentences are also punitive. However, the issue here is not whether errors in sentencing entries touching upon punitive facets of the sentence may be corrected, but whether they may be corrected after completion of the journalized sentence. Neither *Bonnell* nor *Hodges* addresses that issue and neither case involved defendants who had completed the imposed prison sentence at the time their cases were remanded.

{¶ 20} Cases involving the failure to include postrelease control in sentencing entries are instructive.

{¶ 21} In *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, Hernandez was sentenced to a prison term. Hernandez was not notified of postrelease control at the sentencing hearing, and the sentencing entry made no reference to postrelease control.

Hernandez completed his prison term and the adult parole authority placed him on 5 years postrelease control. Hernandez violated the terms of his postrelease control and the parole authority sentenced him to a term of imprisonment. Hernandez filed a petition for habeas corpus claiming that his incarceration was illegal. In granting the writ the Ohio Supreme Court stated,

> It is axiomatic that "[a] court of record speaks only through its journal entries." * * * Here, the trial court's sentencing entry specified only Hernandez's seven-year sentence, which he completed in February 2005. Because his only journalized sentence has now expired, habeas corpus is an appropriate remedy.

(Citations omitted.) *Id.* at ¶ 30.

{¶ 22} Subsequently, while referencing to *Hernandez* in a later opinion, the supreme court stated that "unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 16. The court further explained,

> [W]hen the notification of postrelease control was properly given at the sentencing hearing, the essential purpose of notice has been fulfilled and there is no need for a new sentencing hearing to remedy the flaw. The original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nunc pro tunc entry, as long as the correction is accomplished prior to the defendant's completion of his prison term.

*Id.* at ¶ 24.

{¶ 23} Thus, the supreme court has recognized, within the context of postrelease control, that proper notification at the sentencing hearing will not authorize correction of the sentencing entry after the journalized sentenced has been completed, notwithstanding the "at any time" language contained within Crim. R. 36.

- 7 -

{¶ 24} We too have held that a sentencing entry which fails to include imposition of postrelease control may not be corrected after completion of the prison term for which post-release control was imposed:

> However, postrelease control notification errors occurring at the sentencing hearing or failure to include any notification of postrelease control in the sentencing entry will require vacation of postrelease control if the defendant has been released from his original term of imprisonment. Under *Qualls,* this rationale also extends to the trial court's authority to correct a sentencing entry by issuing a nunc pro tunc entry, if the original sentencing entry contains no mention of postrelease control.

(Citation omitted.) *State v. Chasteen*, 12th Dist. Butler No. CA2012-12-247, 2013-Ohio-3573, ¶ 30.

{¶ 25} The state seeks to distinguish the postrelease control cases on the ground that postrelease control does not commence until after an offender is released from prison, whereas the sex offender registration duties commence upon entry of the judgment of conviction. *See* R.C. 2950.07(A)(3).

{¶ 26} However, in order for a sanction to commence, it must first be imposed by the sentencing court. A sanction is imposed by the sentencing entry, not by what is said on the record during the sentencing hearing. *Bonnell*, 2014-Ohio-3177 at ¶ 29 ("a court speaks through its journal"). Because Hasley's sentencing entry never imposed a Tier III sex offender classification, he was never subject to the classification.

{¶ 27} The state made this same argument in *Halsey I*. We implicitly rejected the argument that sex offender classification commences upon the entry of the sentence, when we affirmed the trial court's denial of Halsey's motion to vacate his sex offender classification on the ground there was nothing to vacate. If, as the state argues, sex offender classification does not require judicial action to impose it, we would not have found there was no sex offender classification to vacate.

{¶ 28} The similarity between the imposition of postrelease control and sex offender classification (at least regarding Tier III sex offenders) belies the state's argument that postrelease control and Tier III sex offender classification should be subject to a different analysis for purposes of correcting an omission in the sentencing entry.

{¶ 29} Pursuant to R.C. 2967.28(B), postrelease control is mandatory for certain felony offenses if a prison sentence is imposed, and must be included in the sentencing entry. R.C. 2929.19(B)(2)(c) requires the sentencing court to give notice to an offender of postrelease control at sentencing. Similarly, Tier III sex offender classification is mandatory under R.C. 2950.01(G) for those convicted of certain sexually-oriented offenses, R.C. 2950.03 requires notification of the classification and consequent duties at the sentencing hearing, and R.C. 2929.19(B)(3)(a) requires inclusion of the Tier III sex offender classification in the sentencing entry. It is apparent that the statutory schemes for imposition of postrelease control and Tier III sex offender classification are substantially similar.

{¶ 30} Recently, we specifically observed that correction of postrelease control and sex offender classification sentencing errors are to be treated similarly. *State v. Metcalf*, 12th Dist. Warren No. CA2015-03-022, 2016-Ohio-4923, ¶ 20-21. *Metcalf* involved a defendant who was convicted of a sexually-oriented offense giving rise to a Tier III sex offender classification. Metcalf was not notified of the sex offender classification at the sentencing hearing and the sentencing entry made no mention of a sex offender classification. Metcalf was sentenced to consecutive prison terms for the sexually-oriented offense and an unrelated postrelease control violation. The mistake was discovered after Metcalf had completed the sentence for the sexually-oriented offense but while he remained imprisoned on the postrelease control violation. Metcalf was brought before the sentencing court and advised of the imposition of the Tier III sex offender classification, and a new sentencing entry was journalized to reflect the Tier III sex offender classification. Relying upon *Holdcroft*,

we reversed the imposition of the sex offender classification because Metcalf had completed the sentence for the sexually-oriented offense by the time the sex offender classification was imposed.[2]  In doing so, we noted that *Holdcroft* involved postrelease control, as opposed to sex offender classification, and commented,

> Although we recognize that *Holdcroft* involved the imposition of postrelease control, as opposed to the sexual offender classification at issue here, we note that the general rules and principles relied upon by the court were not limited to the issue of postrelease control.  Rather, as previously noted, the Supreme Court recognized that "[n]either this court's jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for that offense."

*Metcalf* at ¶ 20.

{¶ 31} Based upon the similarity in the postrelease control and Tier III sex offender classification statutory schemes, and based upon *Hernadez*, *Qualls*, *Chasteen*, and *Metcalf*, we find that the analysis for correction of postrelease control sentencing errors is applicable to correction of sentencing entries omitting Tier III sex offender classification.

{¶ 32} Based upon the foregoing, we hold that the omission of a Tier III sex offender classification in a sentencing entry renders the sex offender classification void and may not be corrected after the defendant has completed the journalized sentence, regardless of whether the defendant was properly notified of the Tier III sex offender classification at sentencing.

{¶ 33} Accordingly, we affirm the trial court's denial of the state's motion to issue a nunc pro tunc entry to include a Tier III sex offender classification for Halsey.  The state's assignment of error is overruled.

---

2. *Metcalf* involves a significant factual dissimilarity to this case in that he was not notified of his sex offender classification at the sentencing hearing as was Halsey in this case.  Therefore, we do not rely upon *Metcalf* as it may relate to the jurisdiction of a trial court to issue a nunc pro tunc entry to correct the sentencing error involved in this case.  Rather, we rely upon *Metcalf* solely as authority for the proposition that correction of postrelease control and Tier III sex offender classification sentencing errors be treated the same.

{¶ **34**} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.