[Cite as *State v. Williams*, 2026-Ohio-2163.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

STATE OF OHIO

    Plaintiff - Appellee

-vs-

MASON D. WILLIAMS

    Defendant - Appellant

| |
Case No. CT2025-0129

Opinion And Judgment Entry

Appeal from the Muskingum County Court of Common Pleas, Case No. CR 2025-0711

Judgment:  Affirmed

Date of Judgment Entry:June 8, 2026

BEFORE:    Craig R. Baldwin, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: Ron Welch (Prosecuting Attorney), Joseph A. Palmer (Assistant Prosecuting Attorney), for Plaintiff - Appellee; Chris Brigdon, for Defendant - Appellant

OPINION

*Popham, J.,*

{¶1}    Appellant, Mason D. Williams ("Williams"), appeals his conviction and sentence entered in the Court of Common Pleas for Muskingum County, Ohio following his guilty plea. For the following reasons, we affirm.

**Facts and Procedural History**

{¶2}    Williams orally and in writing waived his right to prosecution by indictment and consented to proceed by bill of information. The State filed a bill of information charging Williams with one count of aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01, together with a three-year firearm specification pursuant to R.C.

2941.145(A), and two forfeiture specifications pursuant to R.C. 2941.1417(A), one relating to the firearm and the other relating to a 2014 Dodge Avenger automobile. The trial court conducted a Crim.R.11 plea colloquy and accepted Williams's guilty plea. As part of the plea agreement, the parties jointly recommended an aggregate prison term of thirteen years, together with forfeiture of the firearm and vehicle. Williams waived preparation of a presentence investigation report.

{¶3} During the plea hearing, the trial court advised Williams that the prison term imposed for the aggravated robbery offense was "mandatory"[1] because of the firearm specification. (Plea Tr. at 7, 28.) Specifically, the trial court stated:

> So the count one, aggravated robbery, a felony of the first degree, carries with it a stated minimum prison term of three through 11 years in one-year increments, up to an indefinite maximum of 16-and-a-half years. There's a maximum fine of $20,000. Prison time is mandatory with regard to this matter. And there is a three-year firearm specification attached to count one. That three-year firearm specification means it's mandatory three years in prison and it's mandatory consecutive to any other prison term you receive. * * *
>
> Therefore, on count one, you will be sentenced to a minimum prison sentence of 10 years up to an indefinite maximum of 15 years. Prison time is mandatory.

---

[1] Undoubtedly, the trial court could have been clearer, as were our brethren in the Tenth District, in distinguishing between "mandatory imposition" and "mandatory service" on the underlying offense. *See State v. Armstead,* 2026-Ohio-999 (10th Dist.).

With regard to the three-year firearm specification, that's a mandatory three years that is being imposed. Prison time is mandatory. And the prison is mandatory consecutive.

{¶4} Defense counsel objected, arguing that although the three-year firearm specification carried a mandatory prison term, the underlying sentence for aggravated robbery did not constitute mandatory time. Counsel relied upon *State v. Logan*, 2025-Ohio-1772, in support of that position.

{¶5} The trial court nevertheless accepted Williams's plea, found him guilty, and proceeded immediately to sentencing. The court heard victim-impact statements, statements from defense counsel, and Williams's allocution before imposing sentence.

{¶6} The trial court imposed an indefinite prison term of a minimum of ten years and a potential maximum of fifteen years on the aggravated robbery conviction. The court further imposed the mandatory consecutive three-year prison term for the firearm specification, resulting in an aggregate sentence of thirteen years minimum to a potential eighteen years maximum imprisonment.

{¶7} Defense counsel renewed the objection at sentencing, again asserting that the entire ten-year prison term imposed for aggravated robbery was not mandatory. (Sent. Tr. at 30-31.) However, the trial court's sentencing entry explicitly directs only that the sentence on the 3-year firearm specification is mandatory.

**Assignments of Error**

{¶8} Williams raises two assignments of error for our consideration,

{¶9} "I. THE TRIAL COURT ERRED BY ACCEPTING APPELLANT'S GUILTY PLEA TO AGGRAVATED ROBBERY (F1) WITH A THREE-YEAR FIREARM

SPECIFICATION IN CASE NO. CR2025-0711, AS THE PLEA WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WHERE THE COURT MISADVISED APPELLANT THAT THE FIREARM SPECIFICATION RENDERED THE PRISON TERM ON THE UNDERLYING F1 OFFENSE 'MANDATORY TIME' INELIGIBLE FOR REDUCTION BY JUDICIAL RELEASE OR EARNED CREDIT, IN VIOLATION OF CRIM.R. 11(C)(2)(A) THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

{¶10} "II. THE TRIAL COURT ERRED BY IMPOSING 'MANDATORY' PRISON TERMS ON THE UNDERLYING OFFENSE IN CASE NO. CR2025- 0711, IN VIOLATION OF *STATE V. LOGAN*, 2025-OHIO-1772, R.C. 2929.13(F)(8), AND APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

## II.

{¶11} For ease of discussion, we address Williams's second assignment of error out of sequence.

{¶12} In his second assignment of error, Williams argues that the trial court erred by imposing a mandatory prison term on the underlying aggravated robbery offense.

**Mandatory sentence – Firearm specification**

{¶13} Pursuant to R.C. 2929.14(B), an offender is subject to an additional prison term when a firearm is involved in the commission of an offense. Specifically, an offender who displays, brandishes, indicates possession of, or uses a firearm to facilitate the commission of the offense is subject to a mandatory three-year prison term under R.C.

2929.14(B)(1)(a)(ii). Ohio law further requires that a sentence imposed for a firearm specification be served prior to and consecutive to the sentence imposed for the underlying felony offense. R.C. 2929.14(C)(1)(a); *State v. Moore*, 2018-Ohio-3237, ¶ 8.

{¶14} The dispositive issue, however, is not whether a prison term must be imposed for the underlying felony. Rather, the question is whether that underlying prison term automatically becomes mandatory prison time - nonreducible "mandatory service" - for all purposes merely because a firearm specification accompanies the offense. The statutory framework does not support that conclusion.

{¶15} Ohio sentencing law treats a firearm specification and the underlying felony as separate sentencing components. *See, State v. Logan*, 2025-Ohio-1772, ¶¶ 10, 15. The General Assembly expressly classified the firearm-specification sentence as mandatory. It did not similarly provide that every prison term imposed for the accompanying felony automatically becomes mandatory and nonreducible. That omission is significant. Had the legislature intended to convert the underlying felony sentence into "mandatory service" prison time whenever a firearm specification applies, it could have so expressly stated. Courts are not permitted to add language to a statute that the legislature deliberately omitted. *See Ex parte United States*, 242 U.S. 27, 42 (1916) (recognizing that the authority to define crimes and prescribe punishment belongs exclusively to the legislature).

{¶16} Ohio law has long recognized that the power to define criminal penalties rests solely with the legislature. *State v. Bates*, 2008-Ohio-1983, ¶ 13, quoting *Stewart v. Maxwell*, 174 Ohio St. 180, 181 (1963); *State v. Harper*, 2020-Ohio-2913, ¶ 2. Thus, where the legislature expressly designates one sentencing component as mandatory while remaining silent as to another, courts must respect that distinction rather than erase it

through judicial construction. "'Judges have no inherent power to create sentences' and instead 'are duty-bound to apply sentencing laws as they are written.'" *State v. Gwynne*, 2023-Ohio-3851, ¶ 10, (lead opinion), quoting *State v. Fischer*, 2010-Ohio-6238, ¶ 22, *overruled on other grounds by State v. Harper*, 2020-Ohio-2913; *Logan,* ¶ 18. As the United States Supreme Court has recognized, legislatures routinely enact mandatory sentencing provisions when they intend to do so. *Harmelin v. Michigan*, 501 U.S. 957, 1006 (1991) (Kennedy, J., concurring). The absence of comparable language regarding the underlying felony sentence is therefore consequential, not accidental.

{¶17} Consistent with that framework, Ohio sentencing law distinguishes between a sentence that must be imposed - "mandatory imposition" - and a sentence that constitutes mandatory prison time – "mandatory service." A court may be required to impose a prison term while the sentence itself nevertheless remains nonmandatory for purposes of release eligibility and sentence reduction. That distinction is central here.

{¶18} The Supreme Court of Ohio recognized precisely that distinction in *State v. Logan*, 2025-Ohio-1772. *Logan* does not hold that the sentence imposed for the underlying felony becomes mandatory prison time under both imposition and service. Instead, *Logan* establishes the narrower rule that, once a firearm specification attaches, the trial court may not impose community control for the underlying offense. In other words, *Logan* eliminates the court's discretion to select a non-prison sanction. It does not transform the underlying prison term into mandatory time that must be served without the possibility of statutory reduction or release mechanisms.

{¶19} The contrary interpretation improperly collapses two distinct legal concepts into one. A sentence that is "mandatory to impose" concerns the trial court's obligation at sentencing. By contrast, a sentence that is "mandatory to serve" concerns whether the

defendant must serve the term without eligibility for reduction, judicial release, or other statutory mechanisms. *Logan* addresses only the former issue. Reading *Logan* to impose mandatory prison time on the underlying felony would therefore expand the decision beyond both its holding and the statutory framework on which it relied.

**{¶20}** Equally important, the sentencing entry in this case confirms that the trial court itself recognized that distinction. It is well established that a court speaks through its journal entries. *State v. Miller,* 2010-Ohio-5705, ¶ 12. Here, the sentencing entry is unequivocal. The trial court expressly identified the three-year firearm-specification sentence as "mandatory," while separately imposing the aggravated-robbery sentence without designating that sentence as mandatory. That omission carries legal significance. By expressly labeling only the firearm-specification term as mandatory, the trial court demonstrated its understanding that the aggravated-robbery sentence would not constitute mandatory prison time.

**{¶21}** The Ohio Department of Rehabilitation and Correction (ODRC) is required to execute the sentence actually imposed by the trial court through the issuance of a sentencing entry, not a sentence that may have been interpreted as one characterized differently during the sentencing hearing. *State ex rel. Fraley v. Ohio Dep't of Rehab. & Corr.,* 2020-Ohio-4410, ¶ 17. ODRC therefore lacks authority to treat the aggravated-robbery sentence as mandatory "service" time where the sentencing entry itself does not impose such a designation.

**{¶22}** Moreover, even assuming arguendo that some ambiguity exists regarding whether the aggravated-robbery sentence constitutes mandatory nonreducible prison time, Ohio law requires that ambiguity to be construed strictly against the State and

liberally in favor of the accused. R.C. 2901.04(A). Any uncertainty must therefore be resolved in favor of treating the underlying sentence as nonmandatory reducible time.

{¶23} Accordingly, only the three-year firearm-specification sentence constitutes mandatory prison time under R.C. 2929.14(C)(1)(a). In this case, the trial court did not designate the aggravated-robbery sentence as mandatory in its sentencing entry; therefore, that sentence remains a nonmandatory prison term subject to the ordinary statutory provisions governing sentence reduction and release.

{¶24} Accordingly, Williams's second assignment of error is overruled.

I.

{¶25} In his first assignment of error Willliams argues that his plea was invalid because the trial court erred in advising him, during the plea colloquy, that the sentence for the underlying felony of aggravated robbery was mandatory and, therefore, not eligible for a reduction of his mandatory prison term under the Earned Reduction of Minimum Prison Term ("ERMPT") provisions in R.C. 2967.271(F).

{¶26} As we have found in our disposition of Williams's second assignment of error that the sentence for his aggravated robbery conviction is not mandatory, we find Williams's first assignment of error to be moot.

{¶27} Williams's first assignment of error is overruled as moot.

{¶28} For the reasons set forth in our opinion, the judgment of the Court of Common Pleas for Muskingum County, Ohio is affirmed.

{¶29} Costs to be paid by appellant Mason D. Williams.


By: Popham, J., and

Baldwin, P.J., concur;

Gormley, J., concurs

in judgment only

CT2025-0129

*Gormley, J., concurring in judgment only.*

{¶30} I concur in the court's judgment but not in the court's opinion. This case, in my view, is a poor vehicle for addressing the question that the court has tackled. For the reasons explained below, I would dismiss this appeal — thereby leaving the trial court's judgment in place — and would leave for another day the important legal question that the court has unnecessarily addressed today.

{¶31} Defendant Mason Williams's arguments here essentially boil down to this: "I should not have received a mandatory prison term for the aggravated-robbery offense to which I pled guilty." Yet as today's opinion for the court rightly notes in paragraph 7, Williams was not in fact sentenced to a mandatory prison term for that crime. So why has Williams appealed? And more importantly, why has the court chosen to resolve a legal question that need not be answered in this case?

{¶32} Whatever the trial judge may have said about mandatory prison terms during the combined plea-and-sentencing hearing, the judge in the end did not impose the outcome that Williams now decries. Was the wording of the sentencing entry — categorizing the three-year prison term for the firearm specification as a "mandatory" prison term but omitting that word when spelling out the sentence for the aggravated-robbery offense itself — an unintentional oversight by the trial judge? We can perhaps surmise as much, given the trial judge's oral statements from the plea-and-sentencing hearing that the court's opinion recounts in paragraph 3. But of course in the end, "[a] sanction is imposed by the sentencing entry" rather than by "what is said on the record during the sentencing hearing." *State v. Halsey*, 2016-Ohio-7990, ¶ 26 (12th Dist.). *See*

*also Hardrick v. City of Detroit, Mich.*, 876 F.3d 238, 244 (6th Cir. 2017) ("Appellate courts review judgments, not opinions") (brackets and quotations omitted).

{¶33} And so we are left to consider in this case an outcome — a sentencing entry — that has not resulted in the purported wrong that defendant Williams urges us to correct. And we certainly have not been asked by the State to compel the trial judge to change the entry in such a way that would in fact require Williams to serve a mandatory prison term on the aggravated-robbery charge. In short, neither party is asking us to change the judgment — the sentence actually imposed in the entry — and so why are we addressing Williams's concerns about spoken but unjournalized statements made by the trial judge at the plea-and-sentencing hearing?

{¶34} Given that Williams appears to have received the very sentence — a non-mandatory one — that he asks us to order the trial judge to impose, I would dismiss his appeal for lack of any justiciable issue. What meaningful relief could we grant to Williams that would put him in a better position than he is in already? After all, assuming that state prison officials are dutifully following the trial judge's sentencing order, Williams is already slated to serve a non-mandatory prison term on his aggravated-robbery charge once he has served the mandatory three-year prison term on the firearm specification.

{¶35} We ought not address any legal issues — let alone the important legal issue that the court takes up and answers in this case — when, as is true today, no actual controversy is before us. See *Napier v. Ickes*, 2019-Ohio-2700, ¶ 91 (5th Dist.) ("The duty of a court of appeals is to decide controversies between parties by a judgment which can be carried into effect, and the court need not render an advisory opinion on a moot question or a question of law that cannot affect the issues in a case. Thus, when circumstances prevent an appellate court from granting relief in a case, the mootness

doctrine precludes consideration of those issues") (quotations omitted); *Sunkin v. Collision Pro, Inc.*, 2007-Ohio-6046, ¶ 20 (9th Dist.) ("This court may review only live controversies"); *State ex rel. Eliza Jennings, Inc. v. Noble*, 49 Ohio St.3d 71, 74 (1990) ("The duty of this court, as of every judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it") (quotations and citations omitted).

{¶36} I well understand that the sentencing-related legal issue on which the court opines today is an important one, and I know that other cases pending before us will call for us to provide an answer. But this is not the right vehicle for resolving the issue, given that defendant Williams — our sole appellant — has not demonstrated that he seeks any change in the trial court's judgment.

{¶37} He is like a high-school valedictorian who, after the graduation ceremony is finished and his final straight-A report card is in hand, decides to grumble to the school principal about some unpleasant things that his tenth-grade English teacher said to him two years ago. "What in the world," the principal is likely to say, "do you want me to do about that now? In the end, you got everything you wanted." Those words apply as well to Williams, who is already serving the very sentence that he asks us to order the trial judge to give him.

{¶38} For these reasons, I view the court's opinion as mere dicta on a question that the record before us does not compel us to answer. We should wait for another day and another case that presents an actual controversy rather than addressing the issue in an appeal where no such controversy is before us.