[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Logan*, Slip Opinion No. 2025-Ohio-1772.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1772

THE STATE OF OHIO, APPELLANT, *v.* LOGAN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Logan*, Slip Opinion No. 2025-Ohio-1772.]

*Criminal law—Sentencing—R.C. 2929.13(F)(8) requires a trial court to impose a prison sentence on an offender convicted of a felony offense that has a corresponding firearm specification—Court of appeals' judgment reversed and cause remanded to trial court.*

(No. 2023-1318 and 2023-1417—Submitted January 7, 2025—Decided May 21, 2025.)

APPEAL from and CERTIFIED by the Court of Appeals for Cuyahoga County, No. 111533, 2023-Ohio-3353

_____

KENNEDY, C.J., authored the opinion of the court, which FISCHER, DEWINE, DETERS, HAWKINS, and SHANAHAN, JJ., joined. BRUNNER, J., dissented, with an opinion.

**KENNEDY, C.J.**

{¶ 1} We accepted a certified conflict from the Eighth District Court of Appeals and agreed to answer the following question: "Does R.C. 2929.13(F)(8) require a mandatory prison term and preclude the imposition of community-control sanctions on an underlying felony when a defendant is found guilty on a corresponding firearm specification?" 2024-Ohio-202. We also accepted the State's discretionary appeal on this proposition of law: "The trial court must impose a prison term for the underlying felony offense when the offender had a firearm on or about the offender's person or under the offender's control while committing the felony." *See id.* We sua sponte consolidated the two cases for briefing. *Id.*

{¶ 2} We answer the certified question in the affirmative. Under the version of R.C. 2929.13(F)(8), in effect at appellee Jadyn Logan's sentencing, a court must impose a prison sentence for "any [felony] offense . . . with respect to a portion of the sentence imposed pursuant to [R.C. 2929.14(B)(1)(a)]," the statutory provision requiring a prison sentence for a firearm specification. When R.C. 2929.13(F)(8) directs the sentencing court to impose a prison sentence for "any offense . . . that is a felony," it can mean only that a trial court must impose a sentence on the underlying felony because a firearm specification is not an offense. Rather, it is a sentencing enhancement that attaches to the underlying offense. R.C. 2929.13(F)(8) therefore requires a trial court to impose a prison sentence for a defendant's underlying felony offense if a firearm specification is attached. The felony-sentencing scheme confirms as much, and this interpretation addresses the Eighth District's holding that R.C. 2929.13(F)(8) refers only to specifications.

{¶ 3} Accordingly, the Eighth District erred when it determined that the trial court did not have to impose a prison term for a felony offense when a firearm specification is attached. We reverse the Eighth District's judgment and remand this matter to the trial court for resentencing consistent with this opinion.

**Facts and Procedural History**

{¶ 4} In January 2018, Jadyn Logan was convicted of aggravated robbery, a first-degree felony. Under R.C. 2923.13(A)(2), that conviction prevented her from possessing a firearm. A few years later, a Cuyahoga County grand jury indicted her for having weapons while under a disability in violation of R.C. 2923.13(A)(2) and (A)(3), improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), and carrying a concealed weapon in violation of R.C. 2923.12(A)(2).

{¶ 5} Logan pleaded guilty to attempting to have weapons while under a disability along with a one-year firearm specification under R.C. 2941.141(A); her plea nolled the other charges. The trial court imposed a one-year sentence for the firearm specification and two years' community control for the attempt to have weapons while under a disability.

{¶ 6} The State appealed the trial court's decision to the Eighth District, arguing that R.C. 2929.13(F)(8) required the trial court to impose a prison term for the attempt offense. 2023-Ohio-1135, ¶ 1 (8th Dist.). The Eighth District affirmed her sentence. *Id.* at ¶ 3. The State requested en banc consideration. The en banc court of appeals rejected the State's argument, holding that R.C. 2929.13(F)(8) required the trial court to impose a prison sentence for the firearm specification, not for the underlying felony offense. 2023-Ohio-3353, ¶ 8 (8th Dist.) (en banc).

{¶ 7} The State appealed to this court, and we accepted its discretionary appeal. 2024-Ohio-202. We also determined that the Eighth District's decision conflicted with *State v. Wofford*, 2019-Ohio-2815 (1st Dist.), *State v. Shields*, 2020-Ohio-3204 (2d Dist.), *State v. Wolfe*, 2022-Ohio-96 (3d Dist.), *State v. Culp*, 2020-Ohio-5287 (6th Dist.), *State v. Christian*, 2005-Ohio-1440 (7th Dist.), and *State v. White*, 2011-Ohio-2364 (10th Dist.). *Id.*

**Law and Analysis**

*Statutory Interpretation*

{¶ 8} This case presents a straightforward question of statutory interpretation, which we review de novo. *State v. Reed*, 2020-Ohio-4255, ¶ 12. As we have long explained, "[t]he question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said." *Jones v. Action Coupling & Equip., Inc.*, 2003-Ohio-1099, ¶ 12, citing *Symmes Twp. Bd. of Trustees v. Smyth*, 2000-Ohio-470, ¶ 12. And as always, "[a]n unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus.

*Firearm Specifications Are Not Offenses*

{¶ 9} We begin by distinguishing between offenses and firearm specifications. In Ohio, all offenses are statutory. *State v. Cimpritz*, 158 Ohio St. 490 (1953), paragraph one of the syllabus. R.C. 2901.03 states that "[n]o conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code," R.C. 2901.03(A), and "[a]n offense is defined when one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, and provide a penalty for violation of such prohibition or failure to meet such duty," R.C. 2901.03(B).

{¶ 10} In *State v. Ford*, we recognized that "a firearm specification is a penalty enhancement, not a criminal offense." 2011-Ohio-765, paragraph one of the syllabus; *see also State ex rel. Rodriguez v. Barker*, 2019-Ohio-4155, ¶ 10 (holding that a sentencing entry was a final, appealable order even though it did not address every firearm specification because firearm specifications are not separate criminal offenses).

**{¶ 11}** We have also explained that "[t]he purpose of a firearm specification is to *enhance the punishment* of criminals who voluntarily introduce a firearm while committing an offense and to deter criminals from using firearms." *State v. White*, 2015-Ohio-492, ¶ 31; *see also Ford* at ¶ 1 (holding that the offense of discharging a firearm into a habitation and the accompanying firearm specification are not "allied offenses of similar import").

**{¶ 12}** Consequently, when the trial court sentences a defendant for a firearm specification, it is not sentencing for a separate offense but instead is imposing additional punishment for the underlying offense.

*R.C. 2929.13(F)(8)'s Meaning*

**{¶ 13}** We now turn to the statute at issue here, R.C. 2929.13(F)(8), which at the time of Logan's sentencing provided as follows:

(F) *Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term* or terms under sections 2929.02 to 2929.06, section 2929.14, section 2929.142, or section 2971.03 of the Revised Code and except as specifically provided in section 2929.20, divisions (C) to (I) of section 2967.19, or section 2967.191 of the Revised Code or when parole is authorized for the offense under section 2967.13 of the Revised Code shall not reduce the term or terms pursuant to section 2929.20, section 2967.19, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code *for any of the following offenses:*

(8) *Any offense*, other than a violation of section 2923.12 of the Revised Code, *that is a felony*, if the offender had a firearm on or about the offender's person or under the offender's control while committing the felony, *with respect to a portion of the sentence*

> *imposed pursuant to division (B)(1)(a) of section 2929.14 of the Revised Code for having the firearm.*

(Emphasis added.)  Former R.C. 2929.13(F)(8), 2019 Am.Sub.H.B. No. 166.

{¶ 14} R.C. 2929.13(F)(8)'s relevant portion states "the trial court shall impose a prison term . . . for . . . [a]ny offense . . . that is a felony . . . with respect to a portion of the sentence imposed pursuant to [R.C. 2929.14(B)(1)(a)] for having the firearm."  R.C. 2929.14(B)(1)(a) provides for the imposition of a prison sentence for a firearm specification.

{¶ 15} We assume that the General Assembly knows that this court has defined "offense."  *See Riffle v. Physicians & Surgeons Ambulance Serv., Inc.*, 2013-Ohio-989, ¶ 19.  So, where R.C. 2929.13(F)(8) requires the trial court to impose a prison sentence for "any offense," it applies only to the underlying felony, not to the firearm specification.  Construing R.C. 2929.13(F) in *State v. Johnson*, we stated that the statute "addresses mandatory prison terms and lists offenses for which a sentencing court is obligated to impose a prison term."  2008-Ohio-69, ¶ 9.

{¶ 16} And the legislature knows how to expressly refer to specifications.  For example, R.C. 2929.14(B)(1)(a) outlines sentences for "specification[s]" that are "described in section 2941.141, 2941.144, or 2941.145 of the Revised Code."  In contrast, the General Assembly specified that R.C. 2929.13(F)(8) applies to offenses.  Had the General Assembly intended to require a sentence for only firearm specifications, it would have written the statute differently: "the trial court shall impose a prison term . . . for . . .  [a specification] . . . imposed pursuant to [R.C. 2929.14(B)(1)(a)] for having the firearm."  The legislature did not pass that statute, and we cannot amend it by judicial fiat.

*Statutory Context*

{¶ 17} Furthermore, R.C. 2929.13(F)(8) cannot be read in isolation, divorced from the General Assembly's felony-sentencing statutory scheme. *See State v. Turner*, 2020-Ohio-6773, ¶ 18. Context matters—"'[i]n ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole.'" *Id.*, quoting *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988). When the General Assembly enacts a statute, it is "assumed to have been aware of other statutory provisions concerning the subject matter of the enactment." *Meeks v. Papadopulos*, 62 Ohio St.2d 187, 191-192 (1980).

{¶ 18} Because only the General Assembly "'is vested with the power to define, classify, and prescribe punishment for offenses committed in Ohio,'" *State v. Gwynne*, 2023-Ohio-3851, ¶ 10 (lead opinion), quoting *State v. Taylor*, 2014-Ohio-460, ¶ 12, judges must determine whether the statutory scheme authorizes sentences that they impose. "'Judges have no inherent power to create sentences' and instead 'are duty-bound to apply sentencing laws as they are written.'" *Id.*, quoting *State v. Fischer*, 2010-Ohio-6238, ¶ 22, *overruled on other grounds by State v. Harper*, 2020-Ohio-2913.

{¶ 19} R.C. Ch. 2929 outlines Ohio's felony-sentencing scheme. *See* R.C. 2929.11 through 2929.201. Relevant here are sections R.C. 2929.11 through 2929.14 and R.C. 2929.15. R.C. 2929.11 admonishes trial courts to craft sentences guided by the "overriding purposes of felony sentencing," such as protecting the public and punishing the offender, and to "accomplish those purposes without imposing an unnecessary burden on" government resources. R.C. 2929.12 gives trial courts a variety of factors regarding the offender, the offense, and the victim to consider at sentencing. R.C. 2929.13 dictates the sanctions trial courts are required to impose for certain offenses and degrees of offenses. R.C. 2929.14 establishes "definite" and "indefinite" prison terms.

{¶ 20} Finally, R.C. 2929.15 allows trial courts to impose community-control sanctions when the General Assembly does not require them to impose a prison sentence: "If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions . . . ." R.C. 2929.15(A)(1). We have therefore held that the felony sentencing statutes require trial courts to impose either a prison term or community-control sanctions. *State v. Anderson*, 2015-Ohio-2089, ¶ 23.

{¶ 21} R.C. 2929.14 and R.C. 2929.15 work together. R.C. 2929.14(B)(1)(a) requires trial courts to impose prison sentences for firearm specifications, while R.C. 2929.15(A)(1) prohibits community-control sanctions when a statute requires a trial court to impose a prison sentence. Here, if the Eighth District were correct, these two statutes would be irreconcilable, because its interpretation would allow a trial court to impose a prison sentence for a firearm specification and community control for a felony. But R.C. 2929.15(A)(1) forbids community-control sanctions when the trial court must impose a prison sentence. In line with the statutory scheme, R.C. 2929.13(F)(8) requires the trial court to impose a prison sentence for "any offense."

{¶ 22} At bottom, R.C. 2929.13(F)(8) applies to the underlying felony and firearm specification. To interpret the statute differently would run afoul of its text—text that explicitly requires trial courts to impose prison sentences for "offenses," not for specifications. Moreover, the statutory scheme, which is a trial court's sole source of authority for crafting sentences, prohibits imposing community control when the statute requires the trial court to impose a prison sentence. *See* R.C. 2929.15(A)(1).

{¶ 23} The Eighth District concluded that reading the statute as applying to specifications and offenses would read the last phrase of R.C. 2929.13(F)(8)— "with respect to a portion of the sentence imposed pursuant to [R.C.

2929.14(B)(1)(a)]" for having the firearm—out of the statute. 2023-Ohio-3353 at ¶ 20, 26 (8th Dist.). We disagree.

**{¶ 24}** The statute contemplates a trial court sentencing a defendant for multiple offenses. The distinction is apparent when a court sentences a defendant for multiple crimes, with only some carrying a firearm specification. For example, when the trial court sentences an offender for a felony offense that does not carry a firearm specification and a felony that does contain a firearm specification, the portion of the sentence imposed for the offense carrying the firearm specification requires a prison term while the portion of the sentence imposed for the offense that does not carry the specification does not.

### Conclusion

**{¶ 25}** R.C. 2929.13(F)(8) requires a trial court to impose a prison sentence on an offender convicted of a felony offense that has a corresponding firearm specification. Because the Eighth District's en banc decision misinterprets the statute's text, we reverse its judgment and remand this case to the trial court to conduct a resentencing consistent with this opinion.

Judgment reversed

and cause remanded.

_____

**BRUNNER, J., dissenting.**

**{¶ 26}** I would affirm the judgment of the Eighth District Court of Appeals sitting en banc based on the plain language of R.C. 2929.13(F)(8) in effect at the time of appellee Jadyn Logan's sentencing. The plain language of that provision says that the sentencing court must impose a prison sentence for "[a]ny [felony] offense . . . *with respect to a portion of the sentence imposed pursuant to [R.C. 2929.14(B)(1)(a)].*" (Emphasis added.) I accept the facts and procedural history of this case as stated by the majority and its recitation of caselaw that is precedential regarding questions of statutory interpretation. Indeed, as the majority recites,

under this court's precedents, courts must determine "not what did the general assembly intend to enact, but what is the meaning of that which it did enact," *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus.

{¶ 27} But the majority's approach here falls short of judicial restraint by failing to apply the plain meaning of the phrase "with respect to a portion of the sentence imposed pursuant to [R.C. 2929.14(B)(1)(a)]," as stated in R.C. 2929.13(F)(8). Instead, the majority opinion jumps directly to interpretation, hypothesizing that the phrase has been placed in the statute to account for those cases in which a trial court is "sentencing a defendant for multiple offenses." Majority opinion, ¶ 24. But in some cases, like this one, a sentence is imposed for just one offense. Hypotheticals are helpful for illustrating a point, but when used to create caselaw, they are advisory and not permitted. *Smith v. Leis*, 2006-Ohio-6113, ¶ 16 (collecting well-settled precedent establishing that this court will not indulge in advisory opinions).

{¶ 28} The language of R.C. 2929.13(F)(8) as written requires no speculation about what the General Assembly intended when it enacted the law. Interpretation is unnecessary when the plain language is clear. *State v. Fork*, 2024-Ohio-1016, ¶ 13, 17 ("We begin and end our analysis with the plain language of these statutes."); *State v. Jones*, 2022-Ohio-4485, ¶ 30, 33 (Kennedy, J., concurring in part and dissenting in part). R.C. 2929.13(F)(8) plainly does not require a prison sentence to be imposed for the underlying felony in Logan's case. Moreover, even if interpretation were necessary, we would be required to strictly construe R.C. 2929.13(F)(8) against the state. *See* R.C. 2901.04 ("sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused").

{¶ 29} Proper application of R.C. 2929.15(A)(1) turns on the meaning of R.C. 2929.13(F)(8). R.C. 2929.15(A)(1) states that a court may impose community-control sanctions if a prison sentence is not required. The plain

language of R.C. 2929.13(F)(8) does not require a prison sentence to be imposed for the underlying felony here, nor does R.C. 2929.15(A) in any way change the plain meaning of R.C. 2929.13(F)(8)'s phrase "with respect to a portion of the sentence imposed pursuant to [R.C. 2929.14(B)(1)(a)]." Thus, R.C. 2929.15(A)(1) should not be construed, as the majority construes it here, to prohibit imposition of community-control sanctions in this case.

{¶ 30} The majority opinion should have first applied the plain language of R.C. 2929.13(F)(8) enacted by the *legislature.* Prison sentences not required by statute should not be imposed by the words of this court. *State v. Taylor*, 2014-Ohio-460, ¶ 12 ("The General Assembly is vested with the power to define, classify, and prescribe punishment for offenses committed in Ohio."); *State v. Fischer*, 2010-Ohio-6238, ¶ 22, *overruled on other grounds by State v. Harper*, 2020-Ohio-2913 ("Judges have no inherent power to create sentences" but, rather, "are duty-bound to apply sentencing laws as they are written"); *see also State ex rel. Bray v. Russell*, 2000-Ohio-116, ¶ 9, 14-15, 17 (determining that a statute that authorized extending a prisoner's prison term when the executive branch has determined that the prisoner committed a violation during the course of the prisoner's sentence violates the constitutional doctrine of separation of powers and was therefore unconstitutional). This is especially important considering the principle of stare decisis and the obligations of lower courts to follow the law as expressed in our opinions. *See Westfield Ins. Co. v. Galatis*, 2003-Ohio-5849, ¶ 48 (the bedrock of the doctrine of stare decisis is that it "is designed to provide continuity and predictability in our legal system"). Moreover, we should not constrain trial-court discretion imbued by the Ohio Constitution, or trial-court jurisdiction set by the legislature, to craft sentences that are within the full breadth of options available under the felony sentencing scheme. *See* Ohio Const., art. IV, § 1, 4; R.C. 2931.02; R.C. 2931.03.

{¶ 31} For these reasons, I would affirm the judgment of the Eighth District Court of Appeals sitting en banc, and I therefore respectfully dissent.

_____

Michael C. O'Malley, Cuyahoga County Prosecutor, and Tasha L. Forchione, Assistant Prosecuting Attorney, for appellant.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellee.

Elizabeth R. Miller, Ohio Public Defender, and Katherine Ross-Kinzie, Assistant Public Defender, in support of appellant for amicus curiae, Ohio Public Defender.

_____