[Cite as *State v. Seffernick*, 2025-Ohio-2292.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  V.

MARK E. SEFFERNICK,

    DEFENDANT-APPELLANT.

CASE NO. 1-24-41

**OPINION AND
JUDGMENT ENTRY**

Appeal from Allen County Common Pleas Court
Trial Court No. CR2023 0225

**Judgment Affirmed**

**Date of Decision:  June 30, 2025**

**APPEARANCES:**

    *Scott A. Kelly* **for Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

Case No. 1-24-41

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Mark E. Seffernick ("Seffernick"), appeals the May 16, 2024 judgment entry of sentencing of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On July 9, 2023, T.D. called 911 reporting that Seffernick was acting irrationally and threatened to kill him with a gun. When officers arrived to investigate, Seffernick fled into his home and a 16-hour standoff ensued. During the standoff, Seffernick shot at officers several times and stated "he's not handing over his gun alive" and "someone is going to die tonight." (Doc. No. 4).

{¶3} On August 17, 2023, the Allen County Grand Jury indicted Seffernick on 15 counts as follows: Counts One through Twelve of felonious assault in violation of R.C. 2903.11(A), (D)(1)(a), all first-degree felonies; Count Thirteen of felonious assault in violation of R.C. 2903.11(A), (D)(1)(a), a second-degree felony; Count Fourteen of improperly discharging a firearm at or into a habitation or a school safety zone in violation of R.C. 2923.161(A)(1), (C), a second-degree felony; and Count Fifteen of discharge of firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3), (C)(2), a third-degree felony.[1] All 15 counts included a

---

[1] The victims of the felonious-assault offenses in Counts One through Twelve are peace officers and their individual names are set forth in the State's bill of particulars filed on January 19, 2024. T.D. is the victim of the felonious-assault offense in Count Thirteen.

-2-

three-year firearm specification under R.C. 2941.145(A). On August 14, 2023, Seffernick appeared for arraignment and entered pleas of not guilty to all 15 counts and the associated firearm specifications.

{¶4} On August 30, 2023, Seffernick filed a motion requesting a "mental competency evaluation." (Doc. No. 20). On August 31, 2023, the trial court ordered Seffernick to undergo an examination to determine (1) his competency to stand trial, and (2) his mental condition at the time of the alleged offenses.

{¶5} On October 26, 2023, a hearing on Seffernick's competency to stand trial was held.[2] Following the hearing, the trial court issued a judgment entry stating that "[t]he court received an evaluation report, dated October 18, 2023 from Dr. Carla Dreyer, who opined that [Seffernick] was competent to stand trial." (Doc. No. 26). The judgment entry further stated that the parties stipulated to the competency evaluation report, and that the trial court found Seffernick competent to stand trial.

{¶6} A change-of-plea hearing was held on April 11, 2024. At the hearing, Seffernick withdrew his pleas of not guilty and entered guilty pleas, under a negotiated-plea agreement, to Counts One through Five. Counts One and Two included the three-year firearm specifications. In exchange, the State agreed to withdraw the firearm specifications associated with Counts Three through Five, and

---

[2] The record on appeal does not include a transcript of the proceedings held on October 26, 2023.

to dismiss Counts Six through Fifteen and their accompanying firearm specifications. The State further agreed to make no sentencing recommendation, but reserved the right to be heard on the sentencing factors. The trial court conducted a Crim.R. 11 colloquy, accepted Seffernick's guilty pleas, found him guilty, and ordered a presentence investigation ("PSI"). As part of the PSI, the trial court ordered a psychological evaluation.[3]

{¶7} A sentencing hearing was held on May 16, 2024. At the hearing, the trial court sentenced Seffernick as follows: a mandatory term of three years in prison for the firearm specification associated with Count One; a mandatory term of three years in prison for the firearm specification associated with Count Two; a mandatory minimum term of three years in prison, with a maximum term of four and one-half years, for Count One; a mandatory minimum term of three years in prison, with a maximum term of four and one-half years, for Count Two; and a minimum term of three years in prison, with a maximum term of four and one-half years, for Counts Three through Five, respectively. The trial court ordered that the mandatory terms be served consecutively such that Seffernick's aggregate prison term is a minimum of 15 years (of which 12 years are mandatory) to a maximum of 16.5 years.

---

[3] The psychological evaluation included with the PSI consists of a report prepared by Dr. Jaime Adkins, dated March 7, 2024. The report states that Dr. Adkins evaluated Seffernick on January 9, 2024, via videoconference, at the request of Seffernick's counsel. At the sentencing hearing, the State and Seffernick's counsel acknowledged that they were satisfied with the report prepared by Dr. Adkins and that an additional psychological evaluation of Seffernick was not required.

**{¶8}** On June 12, 2024, Seffernick filed a notice of appeal. He raises two assignments of error for our review.

### First Assignment of Error

**The trial court erred in sentencing the Defendant to consecutive sentences.**

**{¶9}** In his first assignment of error, Seffernick argues that the trial court erred by imposing consecutive sentences in this matter. According to Seffernick, "the trial court's findings are clearly and convincingly not supported by the record." (Appellant's Brief at 8).

*Standard of Review*

**{¶10}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. When reviewing the imposition of consecutive sentences, "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be

established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶11}** "Except as provided in . . . division (C) of section 2929.14, . . . a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). In pertinent part, R.C. 2929.14(C) provides:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶12}** Thus, when imposing consecutive sentences, R.C. 2929.14(C)(4) requires the trial court to make specific findings on the record. *State v. Hites*, 2012-Ohio-1892, ¶ 11 (3d Dist.). "Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies." *State v. Runyon*, 2024-Ohio-5039, ¶ 23 (3d Dist.). Further, the trial court must state the required findings at the sentencing hearing and incorporate those findings into its sentencing entry. *Runyon* at ¶ 24. The trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Bonnell,* 2014-Ohio-3177, ¶ 37.

**{¶13}** In this case, the trial court made the required consecutive-sentence findings at the sentencing hearing. In particular, at Seffernick's sentencing hearing, the trial court found that (1) "consecutive sentences on Counts One and Two are necessary to protect the public and to punish [Seffernick]"; (2) "consecutive sentences on [Counts] One and Two with those firearm spec[ifications] are not disproportionate to the seriousness of the conduct and the danger [Seffernick] poses to the public"; and (3)

> at least two of the offenses were committed as part of a course of
> conduct and . . . the harm caused by the offenses was so great and
> unusual that no single prison term with respect to Counts One and

> Two adequately reflects the seriousness and since they were a part of a course of conduct.

(May 16, 2024 Tr. at 31-32). *See* R.C. 2929.14(C)(4)(b). Moreover, the trial court incorporated these findings into its sentencing entry.

**{¶14}** Nonetheless, Seffernick argues that the record does not support the trial court's findings that consecutive sentences are necessary to protect the public from future crime and to punish him, and that consecutive sentence are not disproportionate to the seriousness of his conduct. In support of his argument, Seffernick claims that (1) there are no "named victims in this case" and "no injuries occurred as a result of this incident"; (2) the PSI shows he has no prior felony record and is at moderate risk of reoffending; and (3) the psychological evaluation report prepared by Dr. Adkins indicates that he lacked "criminal motivation" and was "in need of intense psychiatric intervention" at the time he committed the offenses. (Appellant's Brief at 8-9).

**{¶15}** "While a trial court is not required to state reasons in support of its R.C. 2929.14(C)(4) findings, an appellate court may take action if the record clearly and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4)." *State v. Mason*, 2020-Ohio-3505, ¶ 13 (3d Dist.). *See also Gwynne*, 2023-Ohio-3851, at ¶ 5. Thus, "'our consecutive-sentencing review is limited to determining whether the record supports the findings actually made; it is not an invitation to determine or criticize how well the record supports the findings.'"

*State v. Nienberg*, 2017-Ohio-2920, ¶ 19 (3d Dist.), quoting *State v. Jones*, 2016-Ohio-8145, ¶ 16 (8th Dist.).

**{¶16}** Here, the record supports the trial court's findings that consecutive sentences are not disproportionate to the seriousness of Seffernick's conduct, and that consecutive sentences are necessary to protect the public from future crime and to punish Seffernick. At the sentencing hearing, Seffernick acknowledged barricading himself in his home with a gun; hearing officers over a loud speaker telling him to come out; shooting his gun at least "[f]our times" in the direction of officers; and telling officers that he was not going to handover his gun alive. (May 16, 2024 Tr. at 15). Moreover, the State described the body camera footage as depicting officers "ducking behind vehicles and hearing rounds" with shots "hitting a vehicle in front of them [and] going through a truck" and other shots "whizzing above their heads." (*Id.* at 6). The trial court considered this evidence and found that "there would be some psychological harm as a result of gunshots being fired in the direction of the [o]fficers." (*Id.* at 26).

**{¶17}** The trial court considered the mitigating evidence set forth in the report prepared by Dr. Adkins and determined that it did not diminish the seriousness of Seffernick's conduct. Specifically, the report states that Seffernick lost his son to suicide in 2020 and was recently fired from his job. The report further states that, in the weeks prior to committing the offenses, Seffernick was involuntarily admitted for psychiatric treatment, placed on psychotropic medication,

and discharged with a referral for outpatient treatment. Further, at the time of the standoff with law enforcement, Seffernick had not been taking the medication, nor had he attended the referred treatment. The trial court noted that "a lot of things terrible happened in [Seffernick's] life leading up to this." (*Id.* at 27). The trial court speculated that, had Seffernick received the psychiatric help he needed and "complied a little better[,] . . . who knows whether this could have been avoided or not." (*Id.* at 26-27). The trial court found that Seffernick's conduct was serious and that the offenses resulted in five felonious-assault convictions, all first-degree felonies, and two associated firearm specifications. (*Id.* at 27).

**{¶18}** Accordingly, after reviewing the record, we conclude that the trial court's consecutive-sentence findings are supported by the record and we reject Seffernick's argument to the contrary. We further conclude that the record reflects that the trial court made the required R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings into its sentencing entry and that those findings are not clearly and convincingly unsupported by the record. *Nienberg*, 2017-Ohio-2920, at ¶ 22-23 (3d Dist.).

**{¶19}** Seffernick's first assignment of error is overruled.

## Second Assignment of Error

**The trial court erred in imposing mandatory sentences under R.C. 2929.13(F)(8).**

{¶20} In his second assignment of error, Seffernick argues that the trial court erred by imposing mandatory prison terms for the felonious-assault convictions under Counts One and Two. Seffernick concedes that mandatory prison terms are required for the firearm specifications associated with Counts One and Two, but argues that R.C. 2929.13(F)(8) "does not transfer the mandatory term for the underlying offense as well." (Appellant's Brief at 11).

*Standard of Review*

{¶21} As previously stated, under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum*, 2016-Ohio-1002, at ¶ 1.

*Analysis*

{¶22} The relevant portion of R.C. 2929.13(F)(8) provides that "the [trial] court shall impose a prison term . . . for . . . [a]ny offense . . . that is a felony . . . with respect to a portion of the sentence imposed pursuant to [R.C. 2929.14(B)(1)(a)] for having the firearm." Moreover, R.C. 2929.14(B)(1)(a) requires the imposition of a prison sentence for a firearm specification.

{¶23} In *State v. Wolfe*, 2022-Ohio-96, ¶ 25 (3d Dist.), we determined that R.C. 2929.13(F)(8) requires the imposition of a mandatory prison sentence on the underlying felony offense when a firearm specification is attached. Seffernick argues that our decision in *Wolfe* is unfounded since other appellate districts have

interpreted R.C. 2929.13(F)(8) "to clearly indicate that the underlying felony sentence is not required to be mandatory." (Appellant's Brief at 12). Seffernick's argument is without merit.

**{¶24}** Recently, in *State v. Logan*, 2025-Ohio-1772, the Supreme Court of Ohio addressed this issue and determined that R.C. 2929.13(F)(8) "requires a trial court to impose a prison sentence for a defendant's underlying felony offense if a fireman specification is attached." *Logan* at ¶ 2. The Court explained as follows:

> When R.C. 2929.13(F)(8) directs the sentencing court to impose a prison sentence for "any offense . . . that is a felony," it can mean only that a trial court must impose a sentence on the underlying felony because a firearm specification is not an offense. Rather, it is a sentencing enhancement that attaches to the underlying offense.

*Id.* The Court further explained that "when the trial court sentences a defendant for a firearm specification, it is not sentencing for a separate offense but instead is imposing additional punishment for the underlying offense." *Id.* at ¶ 12. *See State v. White*, 2015-Ohio-492, ¶ 31 ("The purpose of a firearm specification is to enhance the punishment of criminals who voluntarily introduce a firearm while committing an offense and to deter criminals from using firearms.").

**{¶25}** In this case, Seffernick pleaded guilty to and was convicted of five counts of felonious assault, all first-degree felonies, with Counts One and Two including firearm specifications. By pleading guilty to Counts One and Two, Seffernick admitted to possessing and using a firearm to facilitate the felonious-assault offenses. At sentencing, the trial court correctly applied R.C. 2929.13(F)(8)

-12-

consistent with our decision in *Wolfe*—and as approved by the Supreme Court of Ohio in *Logan*—and sentenced Seffernick to mandatory prison terms on Counts One and Two. Accordingly, Seffernick's mandatory prison terms on Counts One and Two are not contrary to law.

{¶26} Seffernick's second assignment of error is overruled.

{¶27} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WALDICK, P.J. and MILLER, J., concur.**

Case No. 1-24-41

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

William R. Zimmerman, Judge

Juergen A. Waldick, Judge

Mark C. Miller, Judge

DATED:
/hls

-14-