[Cite as *State v. Austin*, 2025-Ohio-2940.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

TAKAL L. AUSTIN,

    DEFENDANT-APPELLANT.

CASE NO. 1-24-66

OPINION AND
JUDGMENT ENTRY

Appeal from Allen County Common Pleas Court
Trial Court No. CR2023 0017

Judgment Affirmed

Date of Decision: August 18, 2025

APPEARANCES:

    *Joseph Sobecki* for Appellant

    *John R. Willamowski, Jr.* for Appellee

**WALDICK, P.J.**

{¶1} Defendant-appellant, Takal Austin ("Austin"), appeals the October 1, 2024 judgment of sentence entered against him in the Allen County Court of Common Pleas, following Austin's pleas of guilty to Tampering with Evidence and Involuntary Manslaughter with a firearm specification. On the basis of the legal authority set forth below, we affirm.

*Procedural History*

{¶2} This case originated on February 16, 2023, when an Allen County grand jury returned a three-count indictment against Austin, charging him as follows: Count 1 – Aggravated Murder in violation of R.C. 2903.01(A), with a firearm specification pursuant to R.C. 2941.145(A); Count 2 – Murder, in violation of R.C. 2903.02(A), with a firearm specification pursuant to R.C. 2941.145(A); and Count 3 – Murder, in violation of R.C. 2903.02(B), with a firearm specification pursuant to R.C. 2941.145(A).

{¶3} On February 24, 2023, an arraignment was held and Austin pled not guilty to all counts in the indictment. Nineteen months of pretrial proceedings then ensued.

{¶4} On September 25, 2024, the case was resolved with a negotiated plea of guilty. At that time, Austin pled guilty to Count 3 of the indictment, amended to a charge of Involuntary Manslaughter, a first-degree felony in violation of R.C. 2903.04(A), with the original firearm specification pursuant to R.C. 2941.145(A).

Austin also pled guilty to a bill of information charging him with Tampering with Evidence, a third-degree felony in violation of R.C. 2921.12(A)(1). In exchange for those pleas of guilty, the prosecution dismissed Counts 1 and 2 of the indictment.

{¶5} On October 1, 2024, a sentencing hearing was held. On the amended Count 3 of the indictment, Austin was sentenced to an indefinite prison term of a minimum eleven years to a potential maximum of sixteen and one-half years, and to an additional three-year prison term for the firearm specification. On the sole count of the bill of information, Austin was sentenced to thirty-six months in prison. The trial court ordered that all sentences be served consecutively. The trial court also ordered that the sentences imposed for the Involuntary Manslaughter and the firearm specification were mandatory prison terms. The trial court then journalized its sentencing orders by judgment entry filed that same date.

{¶6} On October 31, 2024, Austin filed the instant appeal, in which he raises one assignment of error for our review.

### Assignment of Error

**The trial court erred by sentencing Austin to a mandatory term of imprisonment for Involuntary Manslaughter based partly on a mandatory term of imprisonment for a firearm specification.**

{¶7} In the sole assignment of error, Austin argues that the trial court erred in imposing a mandatory prison term on the portion of the sentence on Count 3, as amended, that relates to his conviction for Involuntary Manslaughter. Specifically, while Austin acknowledges that a mandatory prison term was required for the

firearm specification on Count 3, he argues that the Ohio Revised Code does not require that a mandatory prison term be imposed for the underlying felony conviction itself. In making this argument, Austin asks that this Court reconsider our decision in *State v. Wolfe*, 2022-Ohio-96 (3d Dist.), in which we held that a trial court is statutorily required, pursuant to R.C. 2929.13(F)(8), to impose a mandatory prison term for a felony conviction that has a corresponding firearm specification.

{¶8} Based upon the recent decision of the Supreme Court of Ohio on this very issue in *State v. Logan*, Slip Opinion No. 2025-Ohio-1772, we find Austin's argument to lack merit.

{¶9} The assignment of error is overruled.

*Conclusion*

{¶10} Having found no error prejudicial to the defendant-appellant, Takal Austin, in the particulars assigned and argued, the judgment of the Allen County Court of Common Pleas is affirmed.

***Judgment affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

Case No. 1-24-66

# **<u>JUDGMENT ENTRY</u>**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

Juergen A. Waldick, Judge

William R. Zimmerman, Judge

Mark C. Miller, Judge

DATED:
/jlm

-5-