[Cite as *State v. Armstead*, 2026-Ohio-999.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

       Plaintiff-Appellant,               :            No. 25AP-475
                                       (C.P.C. No. 24CR-3374)

v.                                                     :

                                            (REGULAR CALENDAR)
William D. Armstead, Jr.,                               :

       Defendant-Appellee.                :

---

D E C I S I O N

Rendered on March 24, 2026

---

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert*.

**On brief:** *Elizabeth R. Miller*, Ohio Public Defender, and *Mallorie A. Thomas*, for appellant. **Argued:** *Mallorie A. Thomas.*

---

APPEAL from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals a judgment of the Franklin County Court of Common Pleas, which imposed an aggregate prison term of 15 to 20.5 years following a guilty plea by defendant-appellee, William D. Armstead, Jr., to involuntary manslaughter, robbery, felonious assault, and one firearm specification. Included in Armstead's sentence was a two-year prison term for felonious assault and a one-year prison term for the attendant firearm specification. The trial court held that Armstead's two-year term was mandatory, meaning the trial court was required to impose a prison term, but Armstead's service of the sentence was non-mandatory, meaning that the two-year term would generally be eligible for reduction through judicial release or other statutory

measures. We conclude that we are obligated to reverse the trial court's sentencing decision pursuant to *State v. Logan*, 2025-Ohio-1772.

## I. Facts and Procedural History

{¶ 2} The charges in this case arose from a juvenile complaint against Armstead. After the juvenile court relinquished jurisdiction, the state indicted Armstead on counts of felony murder, aggravated robbery, and felonious assault, along with accompanying three-year firearm specifications. The state alleged that Armstead and two codefendants were involved in an altercation with two other individuals at a gas station, during which all three of the codefendants brandished firearms and one of them fatally shot A.C.

{¶ 3} Pursuant to a plea agreement with the state, Armstead pleaded guilty to involuntary manslaughter, robbery, and felonious assault, along with a single, one-year firearm specification. The parties jointly recommended prison terms of 11 to 16.5 years for involuntary manslaughter, one year for robbery, two years for felonious assault, and one year for the firearm specification. The parties agreed that the sentences would be served consecutively to one another, but they did not agree that service of the two-year term for felonious assault was mandatory as a result of the corresponding firearm specification.

{¶ 4} In deciding the issue, the trial court referenced a recently decided case from the Supreme Court of Ohio, *Logan*, 2025-Ohio-1772, which held that R.C. 2929.13(F)(8) requires a trial court to impose a prison term, rather than community control sanctions, for a conviction on a felony offense that has an attendant firearm specification. The trial court interpreted *Logan* to mean that the sentence for felonious assault was "required but not mandatory." (June 2, 2025 Tr. at 5.) The court therefore held that Armstead's service of the two-year term was not mandatory. The trial court otherwise imposed the parties' jointly recommended sentence, totaling 15 to 20.5 years.

{¶ 5} The state filed a timely notice of appeal, and the matter is now before this court.

## II. Assignment of Error

{¶ 6} The state assigns the following sole assignment of error for our review:

> The trial court's imposition of a non-mandatory prison term on Count Three is clearly and convincingly contrary to law.

## III. Discussion

{¶ 7}   In its sole assignment of error, the state asserts that Armstead's non-mandatory prison term for felonious assault is contrary to law because it does not comply with the terms of R.C. 2929.13(F)(8) as interpreted by the Supreme Court in *Logan*, 2025-Ohio-1772.  The state argues that R.C. 2929.13(F)(8) required the trial court to impose a prison term, and because a prison term was required, it constituted a "mandatory prison term" as defined by R.C. 2929.01(X).  Statutory construction presents a legal issue, which we review de novo.  *State v. Straley*, 2014-Ohio-2139, ¶ 9.

### A. Felony Sentencing Statutes

{¶ 8}   The sentence for Armstead's felonious-assault conviction, like any felony, is governed by an expansive constellation of sentencing statutes.  In addition to considering the purposes of sentencing, the seriousness of the offense, and recidivism factors in R.C. 2929.11 and 2929.12, the trial court must look to R.C. 2929.13 for guidance on the type and extent of sanctions to impose.  *See State v. South*, 2015-Ohio-3930, ¶ 13.  If the court imposes a prison term, it must choose a duration that is authorized in R.C. 2929.14.  *See id.* at ¶ 16.  If the court imposes community control sanctions, it must comply with the rules provided in R.C. 2929.15 to 2929.18.  *See State v. Conway*, 2004-Ohio-1222, ¶ 35 (10th Dist.).  The court must also keep in mind the general rules governing concurrent and consecutive sentencing, R.C. 2929.41, and maximum sentences, R.C. 2929.144, among others.  And here, the trial court must specifically consider the statutes governing felonious assault, R.C. 2903.11, and the corresponding firearm specification, R.C. 2941.141.  The framework for the parties' dispute primarily lies in the interplay between provisions in R.C. 2929.13 and 2929.14.

{¶ 9}   R.C. 2929.14 provides ranges of minimum and maximum prison terms for felony offenses by degree, R.C. 2929.14(A), as well as rules for consecutive sentencing, R.C. 2929.14(C). The bulk of the statute's text, however, details the specialized prison terms that a trial court must impose with respect to specifications and special conditions.  *See*, *e.g.*, R.C. 2929.14(B)(1)(a) (firearm specifications attached to any felony offense); R.C. 2929.14(B)(8) (known-pregnancy specification attached to certain assault offenses); R.C. 2929.14(K) (violent-career-criminal firearm specification attached to any violent felony offense by a violent career criminal).  Many of these specialized provisions are referenced

in R.C. 2929.13, which a trial court must consult to determine whether it may or must impose a prison term or other sanctions in the first place.

{¶ 10} R.C. 2929.13 begins by granting a trial court the broad discretion to impose any of the sanctions provided in R.C. 2929.14 to 2929.18. R.C. 2929.13(A). It also provides general guidance and presumptions for or against types of sanctions to be imposed for various felonies, *see*, *e.g.*, R.C. 2929.13(B), (C), and (E), including first- and second-degree felonies, R.C. 2929.13(D).

{¶ 11} As an exception to the above guidance, a trial court must impose a prison term under certain circumstances. R.C. 2929.13(F) ("mandatory-sentence provision"); *see State v. Johnson*, 2008-Ohio-69, ¶ 10 (referring to R.C. 2929.13(F) as the mandatory-sentence provision). The list of offenses and circumstances in the mandatory-sentence provision is a long one, but it can be broken down into two main categories. The first category requires a prison term for offenses under specific circumstances. R.C. 2929.13(F)(1) to (7), (10) to (12), (15) to (17). Most relevant to this case, a prison term is required for certain felonies, including felonious assault, R.C. 2903.11, if the specific statute governing that felony "requires the imposition of a prison term." R.C. 2929.13(F)(4). The second category within R.C. 2929.13(F) requires a prison term "with respect to a portion of the sentence imposed pursuant to" certain provisions in R.C. 2929.14 that relate to specifications. R.C. 2929.13(F)(8), (9), (13), (14), and (18) to (22). Most relevant here, a trial court must impose a prison term for any felony "with respect to a portion of the sentence imposed pursuant to [R.C. 2929.14(B)(1)(a),] for having the firearm." R.C. 2929.13(F)(8).

{¶ 12} For all categories, R.C. 2929.13(F) forbids the reduction of the prison term through judicial release, earned-credit eligibility, and any rules governing pardons, parole, probation, and the Ohio Department of Rehabilitation and Correction in general. R.C. 2929.13(F), citing R.C. 2929.20, 2967.193, 2967.194, and R.C. Chs. 2967, 5120. The statute provides limited exceptions to this prohibition if a specific exception applies from the statutes governing judicial release, R.C. 2929.20, jail-time credit, R.C. 2967.191, or parole eligibility, R.C. 2967.13. R.C. 2929.13(F).

**B. Application of R.C. 2929.13 and 2929.14 to Armstead's Sentence**

{¶ 13} Armstead's felonious assault offense is a second-degree felony. R.C. 2903.11(D)(1)(a). R.C. 2929.13 generally provides that a second-degree felony carries a presumption in favor of imposing a prison term, though the trial court may impose a community control sanction if it makes findings to rebut the presumption. R.C. 2929.13(D). For the offense of felonious assault, R.C. 2929.13 requires a prison term "if [the felonious assault statute itself] requires the imposition of a prison term." R.C. 2929.13(F)(4). Nothing in the felonious assault statute requires a prison term under the circumstances present here. *See* R.C. 2903.11.

{¶ 14} For a second-degree felony, R.C. 2929.14 allows an indefinite minimum prison term ranging from two to eight years plus a tail of 50 percent of the chosen minimum term. R.C. 2929.14(A)(2)(a). However, because a 50 percent tail already applied to Armstead's prison term for involuntary manslaughter, the trial court could not add a 50 percent tail for felonious assault pursuant to provisions in the statute governing maximum sentences. R.C. 2929.144(B)(2). Following the dictates of both R.C. 2929.144(B)(2) and 2929.14(A)(2)(a), the trial court imposed a two-year prison term for Armstead's felonious-assault conviction.

{¶ 15} For the firearm specification at issue here, R.C. 2929.14 requires the trial court to impose a one-year prison term. R.C. 2929.14(B)(1)(a)(iii). Additionally, R.C. 2929.13(F)(8) requires a prison term for "[a]ny offense, other than [carrying concealed weapons], that is a felony, if the offender had a firearm on or about the offender's person or under the offender's control while committing the felony, with respect to a portion of the sentence imposed pursuant to [R.C.2929.14(B)(1)(a)] for having the firearm."

{¶ 16} Ohio's appellate courts previously disagreed both internally and with one another as to whether R.C. 2929.13(F)(8) applied to the firearm specification or to the underlying felony. *See, e.g., State v. Clinksdale*, 2023-Ohio-4146, ¶ 15 (10th Dist.) (specification); *State v. White*, 2011-Ohio-2364, ¶ 74 (10th Dist.) (felony); *State v. Logan*, 2023-Ohio-1135, ¶ 46 (8th Dist.) (specification); *State v. Sharpley*, 2018-Ohio-4326, ¶ 16-17 (8th Dist.) (felony). Given the clear divide between the half of R.C. 2929.13(F)(8) that requires a trial court to impose a prison term on any "offense . . . that is a felony" and the other half that requires a prison term "with respect to a portion of the sentence" imposed

on a specification, one may reasonably argue that the latter category only applies to specifications and not to the underlying felony offenses. One may also argue that the latter category only applies to specifications, given that the General Assembly knows how to differentiate between requiring a prison term for a felony that has an attendant specification and requiring a prison term for the specification itself. *Compare* R.C. 2929.13(F)(16) (requiring a prison term for the *offense* of kidnapping and similar offenses if there is an accompanying specification under R.C. 2941.1422 for furtherance of human trafficking) *with* R.C. 2929.13(F)(8) (requiring a prison term with respect to the *specification* under R.C. 2929.14(B)(1)(a) if the defendant committed a felony while possessing a firearm). However, *Logan*, 2025-Ohio-1772, requires us to conclude otherwise.

### C. *Logan*, 2025-Ohio-1772 and R.C. 2929.13(F)(8)

{¶ 17} In *Logan*, 2025-Ohio-1772, the defendant pleaded guilty to a felony offense and a one-year firearm specification. *Id.* at ¶ 5. The trial court imposed a one-year prison term for the firearm specification, and two years of community control for the underlying felony. *Id.* The state appealed and argued that the trial court should have imposed a prison term for the felony under R.C. 2929.13(F)(8). *Id.* at ¶ 6. The Eighth District Court of Appeals disagreed and held that R.C. 2929.13(F)(8) only applies to the sanction that a trial court must impose on the firearm specification. *Id.* at ¶ 23. The Eighth District noted that agreeing with the state's position "would read the last phrase of R.C. 2929.13(F)(8) 'with respect to a portion of the sentence imposed pursuant to [R.C. 2929.14(B)(1)(a)]' for having the firearm—out of the statute." *Id.* at ¶ 23, quoting *State v. Logan*, 2023-Ohio-3353, ¶ 20 (8th Dist.). The Supreme Court disagreed with the Eighth District and reversed the trial court's sentencing decision, holding that "R.C. 2929.13(F)(8) requires a trial court to impose a prison sentence on an offender convicted of a felony offense that has a corresponding firearm specification." *Logan*, 2025-Ohio-1772, at ¶ 25.

{¶ 18} The Supreme Court primarily based its decision on the mandatory-sentence provisions in R.C. 2929.13(F) by viewing them in the context of the community control provisions in R.C. 2929.15. *Id.* at ¶ 19-22. Specifically, R.C. 2929.15 authorizes a trial court to impose community control sanctions "[i]f in sentencing an offender for a felony the court is not required to impose a prison term." R.C. 2929.15(A)(1). Because the language of R.C.

2929.15(A)(1) signifies an either-or dichotomy between prison and community control, a trial court cannot impose both types of sanctions on the same offense. *Logan*, 2025-Ohio-1772, at ¶ 20, discussing *State v. Anderson*, 2015-Ohio-2089. The Supreme Court determined that the sanction for a specification and the sanction for the underlying offense both constitute sanctions for the same offense. *Id.* at ¶ 12. Thus, when a prison term is required for a specification, a trial court would also have to impose a prison term for the underlying offense to avoid running afoul of the either-or dichotomy in R.C. 2929.15(A)(1). *Id.* at ¶ 21-22.

{¶ 19} *Logan* does not explicitly hold that a prison term imposed on an underlying felony, pursuant to R.C. 2929.13(F)(8), meets the definition of a "mandatory prison term" as defined in R.C. 2929.01(X). Subject to exceptions not applicable here, "[m]andatory prison term" is defined as "the term in prison that must be imposed for the offenses and circumstances set forth in divisions (F)(1) to (8) or (F)(12) to (21) of section 2929.13 and division (B) of section 2929.14 of the Revised Code." R.C. 2929.01(X)(1). Accordingly, when a trial court is required to impose a prison term under R.C. 2929.14(B) or specific provisions within R.C. 2929.13(F), that term is mandatory.

{¶ 20} Had *Logan* stopped its analysis with the relationship between R.C. 2929.13(F)(8) and the general rule for imposing community control in R.C. 2929.15, this court would not necessarily need to hold that Armstead's prison term for felonious assault constitutes a "mandatory prison term" under R.C. 2929.01(X). Unlike *Logan*, the trial court here did not attempt to impose a combination of prison and community control sanctions for Armstead's felonious assault offense and firearm specification, and so we need not worry about reconciling R.C. 2929.13(F)(8) with the either-or dichotomy of R.C. 2929.15(A)(1).

{¶ 21} However, *Logan* did not stop at interpreting R.C. 2929.13(F)(8) in the context of the statute's relationship with the community control statute, R.C. 2929.15. *Logan* held more broadly that R.C. 2929.13(F) creates mandatory sentencing requirements for felony offenses only, and not specifications, because the general language at the beginning of division (F) states that " '*the court shall impose a prison term* or terms . . . *for any of the following offenses,*' " and the more specific language in R.C. 2929.13(F)(8) begins with a reference to " '[a]ny *offense.*' " (Emphasis in orginal.) *Id.* at ¶ 13, quoting R.C.

2929.13(F)(8). Despite the fact that *Logan* framed felony and specification sentences as combined sanctions for one offense in the context of the rules governing community control in R.C. 2929.15(A)(1), *id.* at ¶ 20, it held that the reference to "offenses" at the beginning of R.C. 2929.13(F) and in R.C. 2929.13(F)(8) required the conclusion that the statute "applies only to the underlying felony, not to the firearm specification." *Id.* at ¶ 15. Thus, in accordance with *Logan*, R.C. 2929.13(F)(8) applied to Armstead's underlying felonious-assault conviction rather than to the attendant firearm specification. And because Armstead's two-year prison term for felonious assault is a "term in prison that must be imposed for the offenses and circumstances set forth in divisions (F)(1) to (8) or (F)(12) to (21) of section 2929.13," it constitutes a "mandatory prison term" as defined in R.C. 2929.01(X)(1).

### D. Mandatory Imposition Versus Mandatory Service

{¶ 22} Both the trial court and Armstead find a distinction between a prison term that is "mandatory" because a trial court was required to impose it, and a prison term that is "mandatory" because a defendant must serve the term without any reduction by other statutory provisions such as those governing judicial release, R.C. 2929.20, or jail-time credit, R.C. 2967.191. We do not find support for this distinction in the felony sentencing statutory scheme.

{¶ 23} The phrase "[m]andatory prison term" is defined in R.C. 2929.01(X) and nowhere else in the Revised Code. The definition in R.C. 2929.01(X) relates solely to the trial court's sentencing duties and not to the defendant's service of the sentence. Thus, the fact that a prison term is "mandatory" does not, by itself, necessarily mean that it is ineligible for reduction. However, when sentence-reducing statutes such as R.C. 2929.20 indicate that their provisions do not apply to a "mandatory prison term," we must conclude that their provisions do not apply to any "term in prison that must be imposed" under R.C. 2929.14(B) and portions of R.C. 2929.13(F), including R.C. 2929.13(F)(8). R.C. 2929.01(X)(1); *see also State v. Friend*, 2025-Ohio-3270, ¶ 96-97 (7th Dist.). And irrespective of the various meanings we could give to the word "mandatory" in general, any prison term imposed under R.C. 2929.13(F) is largely ineligible for reduction under that statute's own specific terms:

> [T]he court shall impose a prison term or terms . . . and except
> as specifically provided in [R.C. 2929.20, 2967.191, or 2967.13]

> *. . . shall not reduce the term* or terms pursuant to [R.C. 2929.20, 2967.193(A)(2) or (3), or 2967.194], or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code.

(Emphasis added.) R.C. 2929.13(F).

{¶ 24} Accordingly, Armstead's two-year prison term for felonious assault is a "mandatory prison term" under R.C. 2929.01(X) because it is required by R.C. 2929.13(F)(8). The two-year prison term is subject to the sentence-reduction limitations provided in R.C. 2929.13(F), and it is otherwise subject to any criminal statutory provision that purports to apply to a mandatory prison term. The trial court's decision to designate Armstead's prison term for felonious assault as non-mandatory was therefore contrary to law, and we sustain the state's sole assignment of error.

## IV. Disposition

{¶ 25} Having sustained the state's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas. We remand this matter to the trial court for resentencing on Armstead's conviction for felonious assault.

*Judgment reversed;*
*cause remanded.*

BEATTY BLUNT and MENTEL, JJ., concur.

———————————